IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDY LARD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 2:12cv452-WHA |
| ALABAMA BEVERAGE CONTROL ) | |
| BOARD (STATE OF ALABAMA), ) | |
| CHIEF JEFF ROGERS, in his individual ) | (wo) |
| capacity, and STAN GOOLSBY in his ) | |
| individual capacity, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This cause is before the court on a Partial Motion to Dismiss filed by Jeff Rogers (Doc. #5), a Motion to Dismiss filed by Stan Goolsby (Doc. #8), and a Partial Motion to Dismiss filed by the Alabama Alcoholic Beverage Control Board ("the ABC Board") (Doc. #11).

The Plaintiff filed a Complaint in this case on May 24, 2012.  In the Complaint he brings claims of race discrimination and racial harassment under Title VII of the Civil Right Act of 1964 against the ABC Board (Count I), a retaliation claim under Title VII (Count II), race discrimination and racial harassment claims under the Fourteenth Amendment and 42 U.S.C. § 1981 against Jeff Rogers and Stan Goolsby (Count III), and retaliation claims under 42 U.S.C. § 1981 against Jeff Rogers and Stan Goolsby (Count IV).

The court has federal subject matter jurisdiction in this case.

Defendant Jeff Rogers ("Rogers") has moved to dismiss two counts of the Complaint, Defendant Stan Goolsby ("Goolsby") has moved to dismiss all claims asserted against him, and

the ABC Board has moved to dismiss two counts of the Complaint.

For the reasons to be discussed, Goolsby is due to be DISMISSED as a Defendant in this case, Rogers's Motion is due to be GRANTED, and the ABC Board's Motion is due to be GRANTED in part, but Lard will be given additional time to amend his Complaint, and to address arguments raised by the ABC Board in its Reply brief in support of the Partial Motion to Dismiss.

## II.  MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).   In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  See  *Ashcroft v. Iqbal,* 556 U.S. 662*,* 678-79 (2009).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  *Id*.  (citation omitted).   To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.   The factual allegations  "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

## III.  FACTS

The allegations of the Plaintiff's Complaint are as follows:

The Plaintiff, Andy Lard ("Lard"), is an African American who had been employed by the ABC Board.  He began working for the ABC Board in August 1999 as an Agent I.  After several years of employment, Lard began working in the undercover drug unit.  In 2004, he was promoted to ABC Enforcement Agent II.   In January 2006, he was promoted to ABC Enforcement Lieutenant.

Lard alleges that Defendant Jeff Rogers and Vance Patton took over as his supervisors, and at that point, he began to experience race discrimination.   Lard states that no sergeant was assigned to the district office to replace him when he became a lieutenant, which meant that he was on call all of the time.  He states that he asked Rogers to assign a sergeant to the district, but the request was denied.   Lard also states that his district was the last one to receive equipment when equipment was provided to the districts.   He finally states that his requests for necessary items were routinely denied.

In late June 2010, Rogers ordered other ABC Board agents to place a GPS tracking device on Lard's car.  Lard states that he was subjected to scrutiny not experienced by white officers.  On August 4, 2010, Vance Patton demanded that Lard resign for stealing time and misusing a state vehicle.   Lard alleges that when he refused to resign, he was falsely accused of stealing money from the evidence locker.  Rogers terminated Lard on August 30, 2010.  Lard states that white employees were not disciplined or terminated for criminal conduct.

## IV.  DISCUSSION

At the outset, the court notes that in his combined response to the pending Motions and Partial Motions to Dismiss, Lard has stated that he voluntarily dismisses Stan Goolsby as a

Defendant. (Doc. #18 at p. 2).[1]  Therefore, Goolsby's Motion to Dismiss is due to be DENIED as moot, and Goolsby will be DISMISSED as a Defendant in this case without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B).  The court, therefore, addresses below only the grounds for dismissal raised by Rogers and the ABC Board.

### A. Rogers's Partial Motion to Dismiss

Rogers moves to dismiss claims against him in his individual capacity, and specifically identifies Counts II and III in his motion. (Doc. #5).  In his brief in support of his motion, however, Rogers seeks dismissal of Counts II and IV. (Doc. #6 at p.6).  In his Reply, Rogers clarifies that the reference to Count III in the motion was an error. (Doc. #20 at p.3 n.4).

As to Count II, Lard has stated that the Count is not asserted against Rogers.  In his Reply, Rogers points out that the Complaint refers to more than one Defendant within Count II, and that the Title VII claim against the individual Defendant, Rogers, is improper and due to be dismissed.  To the extent that the Complaint has attempted to state a claim against the individual Defendant, Rogers, for violation of Title VII, the Motion to Dismiss is due to be GRANTED. *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991).

Count IV is a claim of retaliation, asserted against the individual Defendant pursuant to 42 U.S.C. § 1981.  A retaliation claim requires a showing (1) that the plaintiff engaged in statutorily protected expression; (2) that he suffered a materially adverse action; and (3) that there is a causal relation between the two events. *McCann v. Tillman*, 526 F.3d 1370, 1375 (11th Cir. 2008).  The required relationship may be shown if the plaintiff shows the decision maker was

---

[1] No answer or motion for summary judgment having been filed by Goolsby, the Plaintiff has a right to do this under Fed. R. Civ. P. 41(a)(1)(A).

aware of the protected conduct, and if there was close temporal proximity between the awareness and the adverse action. *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999).

Rogers has argued that Lard has not identified a protected activity, and has not alleged knowledge of any protected activity by his employer, because Lard has not identified any type of complaint of discrimination in his Complaint. Rogers points out that the Complaint only refers to denials or requests for services, and then cites to several non-binding, but persuasive, cases for the proposition that a plaintiff must do more than make a generalized complaint, but must show that he complained of discrimination for there to be statutorily protected expression. *See Demers v. Adams Homes of Northwest Florida, Inc.*, 321 F. App'x 847, 852 (11th Cir. 2009)*; Pate v. Chilton County. Bd. of Educ.*, No. 2:09cv1172-WKW, 2012 WL 12872 (M.D. Ala. Jan. 4, 2012). In *Demers*, an unpublished opinion, the Eleventh Circuit explained that a mere request for maternity leave is not sufficient to constitute protected activity, because by itself it does "not announce opposition to the discriminatory basis for its denial," but an expression of resistance or antagonism toward a discriminatory denial of that request could be sufficient. *Demers*, 321 F. App'x at 852. Courts have also required plaintiffs to allege a complaint of discrimination to withstand a motion to dismiss. *See, e.g., Foster v. Humane Society of Rochester and Monroe County, Inc.,* 724 F. Supp. 2d 382, 395 (W.D. N.Y. 2010) (granting a motion to dismiss as to a retaliation claim, reasoning that the plaintiff failed to allege that she engaged in protected activity because, while the allegations established that she did "complain about certain problems she was having at work, she did not complain that she was being discriminated against on account of her sex.").

Lard argues in his brief that he engaged in protected activity by being persistent in his effort to obtain a new sergeant, and requesting equipment and office essentials which were routinely provided to white lieutenants.  In his brief, but not the Complaint, Lard states that his requests for equipment and office essentials were made in objection to the denial of access to resources given to white lieutenants. (Doc. #18 at p.14).   The Complaint, however, merely states that Lard requested a sergeant, that "[w]hen the Department provided new equipment to the districts, Lard's district was the last one to receive it," and that his requests for necessary items were routinely denied. (Doc. #1 at ¶¶ 23, 25, 26).

The allegations of the Complaint do not state a claim for retaliation against Rogers, because they do not identify any complaint of discrimination made known to Rogers.  Given the characterization of Lard's requests for supplies and equipment made in his brief, however, the court will give Lard an opportunity to amend his Complaint, if he can do so within the requirements of Rule 11 of the Federal Rules of Civil Procedure, to plead facts which show that his requests were made in the form of an objection made known to Rogers about a discriminatory denial of resources.

B.  ABC Board's Motion to Dismiss

The ABC Board moves to dismiss the hostile work environment claim included within Count I and the Title VII retaliation claim in Count II of the Complaint.  For the reasons discussed above in connection with the retaliation claim asserted against Rogers, the retaliation claim in Count II against the ABC Board is due to be dismissed.   The court will give Lard an opportunity to amend his Complaint, if he can do so within the limitations of Rule 11 of the Federal Rules of Civil Procedure, to plead facts which show that his requests were made in the

6

form of an objection made known to his employer about a discriminatory denial of resources.

As to the claim for hostile work environment in Count I, the ABC Board initially moved for dismissal on the ground that Lard's cited incidents of harassment are workplace disputes and do not constitute severe or pervasive conduct.  In its reply brief, the ABC Board has refined this argument to state that the discrete acts of discrimination identified as a basis for disparate treatment claims in Count I of the Complaint should not be considered by the court in evaluating the sufficiency of the hostile environment claim also contained within Count I.  The ABC Board also argues that the allegations of the Complaint are not as extensive as those made in another case pending in this court against the ABC Board.  Because Lard has not had the opportunity to respond to these arguments, the court will allow Lard additional time in which to file a brief in response.  So as not to unduly delay the proceedings, however, and because the court is already allowing Lard time in which to amend his Complaint, if Lard feels that additional factual allegations regarding his hostile environment claim are necessary in light of the ABC Board's arguments, the court will also allow Lard to include additional facts relating to the hostile environment claim in an Amended Complaint.  The court will rule on the Motion to Dismiss as to the hostile environment claim in Count I at that time.

## V. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. Stan Goolsby having been voluntarily dismissed by the Plaintiff, Stan Goolsby is DISMISSED without prejudice as a Defendant in this case, and his name shall be removed from the caption.  The Motion to Dismiss filed by Stan Goolsby (Doc. #8) is DENIED as moot.

2. The Partial Motion to Dismiss filed by Jeff Rogers (Doc. #5) is GRANTED to the

extent that any claim in Count II asserted against Rogers is DISMISSED with prejudice as to Rogers, and Count IV is dismissed without prejudice as to Rogers.

3.  The Partial Motion to Dismiss filed by the Alabama Beverage Control Board ("ABC Board") (Doc. #11) is GRANTED as to Count IV, and Count IV is dismissed without prejudice as to the ABC Board.

4.  The portion of the Partial Motion to Dismiss (Doc. #11) which is directed to the hostile environment claim in Count I is held in abeyance.

5.  Lard is given until **August 22, 2012** to file an Amended Complaint, complete unto itself within the requirements of M.D. Ala. Local Rule 15.1, as follows:

a.  retaliation claims against Rogers and the ABC Board in Counts II and IV–the Amended Complaint must state sufficient facts to demonstrate that a complaint of discrimination was made known to Rogers and the ABC Board, as discussed above, if Lard can do so within the requirements of Rule 11 of the Rules of Civil Procedures.

b.  hostile environment claim in Count I–the Amended Complaint may also include additional facts regarding Lard's hostile environment claim, should Lard feel that additional facts are needed and can be included consistent with Rule 11.

6.  Lard is given until **August 22, 2012** to file an additional response to the ABC Board's arguments regarding the sufficiency of his hostile environment allegations.  The remaining portion of the Partial Motion to Dismiss (Doc. #11) will be taken under submission at that time.  Done this 10th day of August, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE