IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDY LARD, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | )    Civil Action No. 2:12cv452-WHA |
| ALABAMA BEVERAGE CONTROL | ) |
| BOARD (STATE OF ALABAMA), | )                  (wo) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on a Partial Motion to Dismiss filed by the Alabama Alcoholic Beverage Control Board ("the ABC Board") (Doc. #11).

The Plaintiff, Andy Lard ("Lard"), filed a Complaint in this case on May 24, 2012. The court ruled on Motions to Dismiss, and dismissed some claims with prejudice, and other claims without prejudice, allowing Lard additional time to more specifically plead retaliation claims against Defendant Jeff Rogers and the ABC Board. In ruling on aspects of the ABC Board's Partial Motion to Dismiss, the court determined that the portion of the Partial Motion to Dismiss which was directed to the hostile environment claim in Count I was to be held in abeyance, that Lard would be given additional time to amend his Complaint, and Lard would be given an opportunity to address new arguments raised by the ABC Board in its Reply brief in support of the Partial Motion to Dismiss. Having been given leave to do so by the court, Lard has filed a supplemental response, and has filed an Amended Complaint which more fully states the factual

basis of his hostile environment claim.[1]  In evaluating the Partial Motion to Dismiss as to the hostile environment claim against the ABC Board, the court will consider the factual allegations of the Amended Complaint.

In support of its Motion for Partial Dismissal, the ABC Board has argued both that discrete acts of discrimination identified as a basis for disparate treatment claims should not be considered by the court in evaluating the sufficiency of the hostile environment claim, and that the allegations of the Complaint are not as extensive as those made in another case pending in this court against the ABC Board.

The ABC Board's argument that the court ought not consider any discrete acts of discrimination in evaluating the sufficiency of Lard's pleading was based largely on the Eleventh Circuit's decision in *McCann v. Tillman*, 526 F.3d 1370 (11th Cir. 2008), and cases applying it. As Lard points out, however, the Eleventh Circuit has recently decided a case which clarifies the application of *McCann* to hostile environment claims.

In *Gowski v. Peake*, 682 F.3d 1299, 1312 (11th Cir. 2012), the Eleventh Circuit held for the first time that a claim of retaliatory harassment is actionable under Title VII.  The court then went on to evaluate the sufficiency of proof of retaliatory harassment in that case, applying the standard generally applicable to Title VII harassment claims.  *Id.*  The court cited *McCann* for the proposition that discrete acts alone cannot form the basis of a hostile work environment claim, but then stated that a jury can "*consider* discrete acts as part of a hostile work environment." *Id.*

---

[1] Lard's Amended Complaint exceeds the scope of the court's Order, adding an additional Defendant and additional claims.  The court expresses no opinion at this time as to the propriety of the Plaintiff's filing and, for purposes of this motion, considers only the additional facts pled in support of the hostile environment claim against the ABC Board.

at 1313 (emphasis in original). The court went on to reason that in that case, "although the discrete acts of retaliation played a role . . . they were not the only conduct that supported the hostile environment claim." *Id.* In view of this binding precedent, which takes *McCann* into account, the court will not exclude discrete acts of discrimination in its consideration of Lard's claim.

The claim as originally pled did not contain the factual detail that the Amended Complaint does. For instance, in the original Complaint, there was no reference to the use of racial slurs. In the Amended Complaint, however, in addition to discrete acts of alleged race-based disparate treatment, there is an allegation of the use of a racial epithet on multiple occasions, known to Lard during his employment, and used once in reference to Lard, as well as allegations with regard to surveillance targeted only at African Americans. In light of these new allegations, the court concludes that the Partial Motion to Dismiss is due to be DENIED as to the hostile environment claim brought against the ABC Board. The court will, of course evaluate the sufficiency of proof of Lard's claim, if called upon to do so in a motion for summary judgment timely-filed, after factual development in this case.

## V.  CONCLUSION

For the reasons discussed, it is hereby ORDERED that the portion of the ABC Board's Partial Motion to Dismiss (Doc. #11) which had been held in abeyance is DENIED.
 Done this 30th day of August, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE